IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| "Barbie" | * |
| c/o Murtha, Psoras & Lanasa, LLC | * |
| 1301 York Road, Suite 200 | * |
| Lutherville, Maryland  21093 | * |
| and | * |
| ASHLEY CUNNINGHAM | * |
| 1807 Saunders Way | * |
| Glen Burnie, Maryland 21061 | * |
| *On behalf of Themselves and All others Similarly situated* | * |
| Plaintiff[1] | * |
| v. | * |
| NICO ENTERPRISES, INC. D/B/A FUEGO EXOTIC DANCE CLUB 5005 Jackson Street Hyattsville, Maryland 20781 | *   Case No.: CCB-14-2256 |
| Serve RIA:   Uwabunkeonye Offia           5005 Jackson Street           Hyattsville, Maryland 20871 | * |
| and | * |
| AGU AGWO, LLC D/B/A FUEGO EXOTIC DANCE CLUB 5005 Jackson Street Hyattsville, Maryland 20781 | * |
| Serve RIA:   Ofobuike N. Okeh           9208 Annapolis Road           Lanham Park, Maryland 20706 | * |
| and | * |

---

[1] To avoid retaliation, Plaintiff Barbie has used an alias and the address of their counsel in the case caption. Plaintiff is herein amending the Complaint filed to join an additional party in accordance with the Scheduling Order issued by the Court pursuant to Local Rule 103.9.

|  |  |
|---|---|
| UWABUNKEONYE C. OFFIA | * |
| 5005 Jackson Street | * |
| Hyattsville, Maryland 20871 | * |
|  | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AMENDED CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

Plaintiffs, a/k/a exotic dancer "Barbie" and Ashley Cunningham, by and through their attorneys, Joseph Murtha, Esquire, Francis C. Lanasa, Esquire and Murtha, Psoras & Lanasa, LLC, undersigned counsel, on behalf of themselves and all others similarly situated, hereby submit this Class Action and Collective Action Complaint against Defendants NICO ENTERPRISES, INC. d/b/a Fuego Exotic Dance Club (hereinafter "Nico Enterprises, Inc."), AGU AGWO, LLC d/b/a Fuego Exotic Dance Club (hereinafter "Agu Awgo, LLC"), and UWABUNKEONYE OFFIA (hereinafter "Offia") (hereinafter collectively referred to as "Defendants") to recover unpaid wages and statutory damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§201 *et seq*. (hereinafter "FLSA") and the Maryland Wage and Hour Law, Maryland Code Annotated, *Labor and Employment Article* §§3-401 *et seq*. (hereinafter "MWHL").

## NATURE OF THE ACTION

1. This lawsuit seeks to recover minimum wages, unlawful deductions, misappropriated gratuities, spread of hours and other wages for Plaintiffs, who worked as exotic dancers at FUEGO EXOTIC DANCE CLUB, one of the largest strip clubs in Prince George's County.

2. FUEGO EXOTIC DANCE CLUB fails to pay minimum wages and requires their employees to pay "house fees" in order to work.

## PARTIES AND JURISDICTION

3. Plaintiffs are adult residents of the State of Maryland. By acting as the named Plaintiffs in this action, Plaintiffs hereby consent to participate as plaintiffs in an FLSA collective action.

4. NICO ENTERPRISES, INC. is a limited liability corporation formed under the laws of the State of Maryland with its principal place of business located in Hyattsville, Maryland. At all times relevant to this action, NICO ENTERPRISES, INC. has done business as an exotic dance club known to the public as Fuego Exotic Dance Club in Hyattsville, Maryland.

5. NICO ENTERPRISES, INC.'s principal office is located at 5005 Jackson Street, Hyattsville, Maryland 20871.

6. FUEGO is an exotic dance club located at 5005 Jackson Street, Hyattsville, Maryland 20871.

7. AGU AGWO, LLC is a limited liability corporation formed under the laws of the State of Maryland with its principal place of business located in Baltimore, Maryland. At all times AGU AGWO, LLC has done business as an exotic dance club known to the public as FUEGO in Baltimore, Maryland.

8. AGU AGWO, LLC's principal office is located at 7676 New Hampshire Avenue, Takoma Park, Maryland 20912.

9. Upon information and belief, Defendants NICO ENTERPRISES, INC. and AGU AGWO, LLC are part of a single integrated enterprise that jointly employed Plaintiffs at all times relevant.

10. At all times, Defendant Offia has had a personal or family financial interest in NICO ENTERPRISES, INC. and AGU AGWO, LLC., and has held himself out to the public and to the media as an owner and an individual in charge of FUEGO.

11. At all times, Defendant Offia has been in charge of managing and controlling Defendants' managers who oversee the day to day operations of FUEGO.

12. At all times, all important business operation questions and decisions that cannot be answered or otherwise handled by Defendants' managers have been brought to the attention of and resolved by Defendant Offia.

13. At all relevant times, Defendant Offia have had power over payroll decisions at FUEGO, including the power to retain time and/or wage records.

14. At all times, Defendant Offia has made all decisions relating to Plaintiffs' misclassification as independent contractors resulting in the wage claims herein alleged.

15. At all times, Defendant Offia has had the power to stop any illegal pay practices that harmed Plaintiffs, including policies governing the allocation of service charges and/or gratuities.

16. Defendants were Plaintiffs' "employers" for purposes of the FLSA and MWHL.

17. At all times, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of §3(s)(1) of the FLSA (29 U.S.C. §203(s)(1)).

18. Upon information and belief, at all times, Defendants had gross annual revenues exceeding $500,000.00 and otherwise qualified as an "enterprise" within the meaning of §3(r) of the FLSA (29 U.S.C. §203(r)).

19. At all times, Plaintiffs were individual employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§205-206.

20. This Court has jurisdiction over Defendants pursuant to §16(b) of the FLSA,

29 U.S.C. §216(b) and 28 U.S.C. §1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."  Subject matter jurisdiction is invoked under 28 U.S.C. §1331 (Federal Question).  This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§1332 and 1337.  Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTS

21. Barbie has been employed by Defendants as an exotic dancer employee since 2011. Plaintiff Cunningham was employed by Defendants from 2009 through 2013.

22. While in Defendants' employ, Plaintiffs performed exotic dancer work duties at Defendants' FUEGO, an exotic dance club in Hyattsville, Maryland.

23. At all times, throughout her employment, Defendants did not pay Barbie nor Plaintiff Cunningham the proper minimum wage for all hours worked and for work duties performed.

24. Defendants unlawfully deducted from Barbie's and Plaintiff Cunningham's pay by requiring them to pay a "house fee" before and/or after every shift.

25. Defendants supervised and controlled the terms and conditions of Plaintiff's employment by:

   A. Having the ability to hire, fire and discipline them;

   B. Supervising and controlling their work schedule (dates and hours);

   C. Implementing rules that governed their working conditions;

   D. Having managers supervise their work;

   E. Requiring their services to be rendered personally;

  F. Prohibiting them from working at competing strip clubs;

  G. Unilaterally deciding to retain a portion of their pay.

26.  While in Defendants' employ, Plaintiffs' exact weekly hours worked varied slightly from week to week.

27.  While in Defendants' employ, Plaintiff Barbie typically and customarily worked approximately fifty-five (55) hours per week; Plaintiff Cunningham typically and customarily worked approximately forty (40) hours per week.

28.  At all times, Defendants had knowledge of all hours Plaintiffs worked per week and suffered or permitted Plaintiffs to work all hours herein alleged.

29.  At all times throughout Plaintiffs' employment, Plaintiffs and all other exotic dancer employees were employees of Defendants and were never independent contractors.

30.  While it is true that Defendants title or classify Plaintiffs and other exotic dancer employees as independent contractors, at all times while working for Defendants, Plaintiffs and other exotic dancer employees considered themselves as employees of Defendants and that Defendants are their employers.

31.  At all times while Plaintiffs were employed by Defendants, Defendants control all aspects of Plaintiffs job duties and the job duties of other exotic dancer employees through strictly enforced employment rules.

32.  Defendants hired Plaintiffs and other exotic dancer employees and, at all times, had the ability to discipline them, fine them, fire them, and adjust each of their schedules.

33.  Defendants, at all times, supervised Plaintiffs' work duties and the work duties of other exotic dancer employees to make sure Plaintiffs' job performance and the job performances of other exotic dancer employees were of sufficient quality.

34. At all times, Plaintiffs' pay and opportunity for wages and the pay and opportunity for wages of other exotic dancer employees have been limited to the pay method set exclusively by Defendants.

35. Defendants control all aspects of setting and enforcing the work schedule for Plaintiffs and other exotic dancer employees.

36. Plaintiffs and other exotic dancer employees are never able to make more money or able to obtain additional financial benefits as there are no profit sharing or additional compensation from Defendants to Plaintiffs.

37. At no time did Plaintiffs or any other exotic dancer employee make a financial investment in Defendants business operation or any equipment belonging to Defendants.

38. To perform the work duties that Plaintiffs and other exotic dancer employees perform for Defendants, Plaintiffs and other exotic dancer employees do not have or need any required certificate, education or specialized training.

39. At all times while Plaintiffs were employed by Defendants, Defendants were in the business of operating a night club featuring exotic dancers.

40. At all times while Plaintiffs were employed by Defendants, Plaintiffs' job duties and the job duties of all other exotic dancer employees have been directly related to exotic dancing performances for Defendants' customers.

41. Plaintiffs and other exotic dancer employees do not perform work that is exempt from the minimum wage requirement of the FLSA or MWHL.

**FEE AND FINE SYSTEM**

42. In addition to failing to pay Plaintiffs and other exotic dancer employees' wages for hours worked, Defendants enforced a series of charges, fees and fines requiring Plaintiffs and

other exotic dancer employees to actually pay Defendants to start their work shift and a significant portion of the money they received as tips from customers, including but not limited to:

    A. Fees required to begin a work shift;

    B. Fines for late reporting to FUEGO;

    C. Fines for being late to appear on stage;

    D. Fees for backstage access

    E. Fees for VIP access

    F. Fees for Parking.

    G. Fees for Bathroom use.

43. On a typical shift, Plaintiffs and other exotic dancer employees actually paid Defendants, through fines, fees and charges, approximately ninety dollars ($90.00) or more. The fines and fees paid by Plaintiffs and other exotic dancer employees to Defendants included a mandatory "tip-in" and/or "tip-out" to Defendants, mandatory monies paid directly to Defendants, mandatory tip sharing of Plaintiffs and other exotic dancer employees' tips to Defendants' non-tipped employees, deductions by Defendants from Plaintiffs and other exotic dancer employees' tips received from Defendants' customers for each performance of private and semi-private dances, and general and often substantial deductions for fees, fines, and charges associated with violating Defendants' employment rules.

44. The net result of Defendants' fee and fine system was the regular hourly rate "paid" to Plaintiffs and other exotic dancer employees when properly calculated results in the dancer receiving negative wages.

## CLASS ACTION ALLEGATIONS

45. The Class and the Class Members are defined as individuals that meet the following definition:

    i. Current former exotic dancer employees who worked as exotic dancer employees at FUEGO at any time between July 11, 2011 and the present;

    ii. Who were misclassified by Defendants as independent contractors; and

    iii. Who were not paid by Defendants for all hours worked at an hourly rate at least equal to the hourly rate required by the MWHL.

46. On information and belief, during the period of Plaintiffs' employment, Defendants employed seventy-five (75) or more exotic dancer employees who meet the Class and Class Member definition.

47. The MWHL claims arising under the Complaint are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

48. The Class and Class Members is believed to be at least seventy-five (75) or more current and former exotic dancer employees of Defendants, making joinder of all members impracticable.

49. The named Plaintiffs will adequately represent the interest of the class members because they are similarly situated to the class members and their claims are typical of, and concurrent to, the claims of the other class members.

50. There are no known conflicts of interest between the Plaintiffs and the other class members.

51. Class counsel, Francis C. Lanasa, Joseph Murtha, and Murtha, Psoras & Lanasa, LLC, are qualified and able to litigate Plaintiffs' and the class members' claims.

52. The law firm that represents Plaintiffs and the class members concentrates its practice on litigation, and its attorneys are experienced in mass and complex litigation, including, most recently, complex stent litigation against St. Joseph's Medical Center.

53. Common questions of law and fact predominate in this action because all of the class' claims implicate the same wage laws of the State of Maryland.

54. The class action is maintainable under Federal Rule 23 because the class action is superior to other available methods for the fair and efficient adjudication of the controversy alleged herein.

55. The prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the party opposing the class, and adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

56. Absent this action, Plaintiffs and the class members likely will not obtain redress of their injuries and Defendants would retain the proceeds of their violations of the laws of Maryland.

## COLLECTIVE ACTION ALLEGATIONS

57. In addition to pursuing this action as a Class Action for MWHL violations under Federal Rule of Civil Procedure 23, Plaintiffs are pursuing this action as an FLSA collective action on behalf of themselves and all other similarly situated individuals.

58. The collective action includes:

       i. Current and former exotic dancer employees who worked as exotic dancers at FUEGO any time between July 11, 2011 and the present; and

      ii. Who were misclassified by Defendants as independent contractors; and

     iii. Who were not paid by Defendants for all hours worked at an hourly rate at least equal to the hourly rate required by the FLSA.

59. In the present case, the questions of law or fact common to the members of the collective action class predominate over any questions affecting only individual collective action class members.

60. The essence of this case is the Plaintiffs and other similarly situated individuals were improperly classified as independent contractors and were paid less than the FLSA required rate for hours worked.

61. Common to Plaintiffs and all collective action class members is that each individual received wages from Defendants at a rate less than what is required by the FLSA for all hours worked each week.

62. Specifically, Plaintiffs and each collective action class member are seeking the difference between their net-negative regular hourly rates and the FLSA required rate and statutory damages under the FLSA.

63. In the present case, the number of collective action class members is believed to exceed seventy-five (75) current and former exotic dancer employees.

64. All class members are readily identifiable from information and records, on information and belief, in the possession and control of the Defendants.

## CAUSES OF ACTION

### COUNT 1 – Violation of Federal Fair Labor Standards Act (Minimum Wages)

65. Plaintiffs reallege and reassert each and every factual allegation set forth in ¶¶'s 1-64 above as if each were set forth at length herein.

66. Section 206(a)(1) of the FLSA provides that no employer shall employ any employee for an hourly wage of less than the federal minimum wage, currently $7.25 per hour.

67. At all times relevant, Plaintiffs and other exotic dancer employees were "employees" covered by the FLSA, 29 U.S.C. §206(a)(1).

68. At all times relevant, Defendants were Plaintiffs' "employers" and the "employers" of other exotic dancer employees under the FLSA.

69. Defendants, as employers of Plaintiffs and other exotic dancer employees, were obligated to compensate Plaintiffs and other exotic dancer employees for all hours worked at an hourly rate not less than the Federal Minimum Wage.

70. At all times relevant, Defendants paid Plaintiffs and other exotic dancer employees no wages for hours worked.

71. More exactly, when the fees and fines that Defendants deducted from Plaintiffs' personal monies and the personal monies of other exotic dancers are factored in, Defendants paid Plaintiffs and other exotic dancer employees a negative net average hourly rate.

72. The net negative hourly rate paid by Defendants to Plaintiffs and other exotic dancer employees fell below the applicable Federal Minimum Wage.

73. At all times relevant, Defendants had actual knowledge that Plaintiffs and other exotic dancers were in fact employees and were never independent contractors.

74. Defendants have engaged in a widespread pattern, policy and practice of violating the FSLA.

75. Defendants failed to post and keep posted in a conspicuous place on their premises a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. §203(m) and supporting federal regulations, including but not limited to 29 C.F.R. §516.4.

76. As a result of Defendants' violations of the FSLA, Plaintiffs suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorney's fees and other compensation pursuant to 29 U.S.C. §216(b).

77. At all times relevant, Defendants had actual knowledge that the compensation method and amount that Defendants paid Plaintiffs and other exotic dancers was less than the compensation method and amount required by the FLSA.

78. Defendants' failure and refusal to pay compensation to Plaintiffs and other exotic dancer employees as required by the FLSA was willful and intentional, and not in good faith.

79. Because Defendants' violations of the FLSA have been willful, a three (3) year statute of limitations applies pursuant to 29 U.S.C. §255.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs Barbie and Cunningham (and all others similarly situated who have joined in this suit) for unpaid minimum wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interests (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT 2 – Violation of Maryland Wage and Hour Law

80. Plaintiffs reallege and reassert each and every factual allegation set forth in ¶¶'s 1-80 above, as if each were set forth at length herein.

81. Plaintiffs and other exotic dancer employees were "employees" and Defendants NICO ENTERPRISES, LLC, AGU AGWO, LLC, and UWA OFFIA were Plaintiffs' "employers" and "employers" of other exotic dancer employees within the meaning of MWHL.

82. As "employers" for Plaintiffs and other exotic dancer employees, Defendants were obligated to pay Plaintiffs and other exotic dancer employees wages at least equal to $7.25 per hour, the Maryland Minimum Wage.

83. As set forth above, while in Defendants' employ, Plaintiffs and other exotic dancer employees worked many hours for which Defendants failed and refused to properly compensate Plaintiffs and other exotic dancer employees as required by the MWHL for all hours worked.

84. Unpaid minimum wage compensation is therefore due and owing to Plaintiffs and other exotic dancer employees under the MWHL.

85. The minimum wage provisions of the MWHL and the supporting Maryland Department of Labor regulations apply to Defendants and protect Plaintiffs.

86. By Defendants' knowing or intentional failure to pay Plaintiffs minimum hourly wages, they have willfully violated the MWHL.

87. Defendants failed to furnish Plaintiffs with a statement with every payment of wages listing hours worked, rates paid, gross wages, and the tip allowance claimed as part of their minimum hourly wage rate, in violation of the MWHL (Md. Ann. Code, *Labor & Employment Article* §3-424).

88. Due to Defendants' violations of the MWHL, Plaintiffs Barbie and Cunningham are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorney's fees, costs and pre- and post-judgment interest.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs Barbie and Cunningham (and all other similarly situated individuals) under Count 2 for unpaid wages in such amounts as are proven at trial, plus interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief that this Court deems appropriate.

Respectfully submitted,

/s/
**Joseph Murtha**
*jmurtha@mpllawyers.com*
Federal Trial Bar No.:  23725


/s/
**Francis C. Lanasa**
*lanasa@mpllawyers.com*
Federal Trial Bar No.:  03820


**MURTHA PSORAS & LANASA**, **LLC**
1301 York Road, Suite 200
Lutherville, Maryland  21093
*Telephone*:     410.583.6969
*Telefax*:          410.583.4706
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of December, 2014, a copy of the aforegoing was sent by electronic mail and first class mail to: Michael Smith, Esq., (Msmith@smithgrahamcrump.com) 9701 Apollo Drive, Suite 495, Largo, MD 20774, counsel for Defendants.

                                                                                                           _____
                                                                                                            Francis C. Lanasa /s/